Ponce & Guayama Railroad Company *v.* Antonetti et al.

Apelación procedente de la Corte de Distrito de Ponce.

No. 622.—Resuelto en marzo 27, 1911.

Alegaciones—Excepción Previa—Jurisdicción—Traslado de Causa.—Si la corte tiene jurisdicción sobre la materia del pleito, y los demandados presentan excepción previa alegando falta de jurisdicción sobre la persona de los demandados, por residir éstos en otro distrito, dicha excepción debe desestimarse, pues el recurso adecuado, con arreglo al Código de Enjuiciamiento Civil, es solicitar el traslado de la causa a la Corte correspondiente, y al no hacerlo así, los demandados quedan sometidos a la jurisdicción de la corte.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Coll Cuchí Hermanos.*

Abogado del apelado: *Sr. José Tous Soto.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

No hay más que una cuestión en el presente caso y es ésta: ¿Incurrió el Tribunal sentenciador en error, al declarar que tenía jurisdicción sobre los demandados, no obstante la excepción, alegando falta de jurisdicción?

La acción tiene por objeto, someter ciertos terrenos, pertenecientes a los demandados, a la expropiación forzosa, con el fin de construir un ferrocarril. En la demanda se expresa el domicilio de los demandados, ninguno de los cuales reside dentro del Distrito Judicial de Ponce. Los demandados for-

mularon excepción contra la demanda, alegando la falta de competencia de la corte.

Este mismo caso fué sometido a este tribunal, mediante un auto de *certiorari,* durante un término anterior; y en dicha ocasión fué planteada y resuelta la misma cuestión. En el dictamen, emitido en 20 de junio de 1910, el juez presidente, hablando a nombre del tribunal, se expresó en los siguientes términos:

"Pero entrando a discutir en el fondo la cuestión debatida, entendemos que la Corte de Distrito de Ponce tiene jurisdicción para conocer del pleito de expropiación forzosa promovido por la *Ponce and Guayama Railroad Company,* por razón de la materia y de las personas de los demandados; por razón de la materia, porque los pleitos de expropiación forzosa están sometidos por la ley a las cortes de distrito, que son cortes de jurisdicción general; y por razón de los demandados, porque habiendo comparecido éstos voluntariamente ante la corte de Ponce, esa comparecencia equivale a la diligencia de su citación personal y entrega de la copia de la demanda, habiendo adquirido, por tanto, la corte jurisdicción sobre ellos. Tan es así que, según el artículo 77 del Código de Enjuiciamiento Civil, los demandantes quedaron sometidos a la corte de Ponce por el mero hecho de acudir a ella interponiendo la demanda, y los demandados por el hecho de no haber solicitado que el juicio se celebrara en la corte correspondiente.

"*Antonio y Fernando Ahumada v. Emilio del Toro,* Juez de la Sección 1ª. de la Corte de Distrito de San Juan. 18 de noviembre de 1908.

"El artículo 82 del Código citado ordena que si el distrito en que se establece la demanda no es el en que deba seguirse el juicio, podrá, sin embargo, continuarse en aquél, a menos que el demandado al comparecer a contestar o a formular excepciones, presente una declaración jurada y fundada y pida por escrito que el juicio se celebre en el distrito correspondiente.

"Los demandados en el presente caso no han solicitado el traslado del juicio en los términos prevenidos por la ley, y por tanto, puede continuarse en el Distrito de Ponce, no obstante radicar en el de Guayama el terreno a que se contrae la expropiación solicitada, y no obstante la falta de vecindad y residencia en aquel distrito por parte de los demandados."

La corte tenía jurisdicción sobre la materia litigiosa y la excepción, alegando falta de jurisdicción sobre las personas de los demandados, fué debidamente desestimada; porque los demandados, después de haber sido citados en debida forma, comparecieron ante el tribunal, y no solicitaron el traslado de la causa a otra Corte, lo cual era el remedio adecuado, con arreglo a nuestra ley, y no una excepción previa, alegando falta de jurisdicción, que era el medio empleado por los apelantes.

Toda vez que nuestra ley es distinta de las de otros Estados, las resoluciones dictadas en estos últimos, no pueden tomarse como precedentes que deban seguirse por nuestros tribunales.

Se sostiene por los apelantes, que el dictamen transcrito, y que fué emitido en el presente caso, al ser sometido a nuestra consideración, en un procedimiento de *certiorari,* no debe seguirse, porque era un *obiter. dictum.* Quizás no era necesario para la decisión del *certiorari,* y puede considerarse como un *obiter* en dicho procedimiento. Pero el referido dictamen fué seguido y tácitamente aprobado en el caso de *Fajardo* v. *Tió,* resuelto en 24 de febrero último, y es correcto en su argumentación, y nos vemos obligados a adoptarlo en este caso. De modo que, cualquiera que fuera el carácter que dicho dictamen haya tenido hasta ahora, ya no es una decisión que carezca de apoyo.

Toda vez que la corte tenía jurisdicción, y no se practicaron diligencias adecuadas para privarla de la misma, no hubo error en sostener la jurisdicción y dictar la sentencia, la cual debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Aldrey, no intervino en la resolución de este caso.